No. 473	July 3, 2024	643

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SAIGE TIMBER, LLC,
*Petitioner,*

*v.*

LINN COUNTY
and Casey A. Meadows,
*Respondents.*

Land Use Board of Appeals
2023075; A183594

Argued and submitted April 12, 2024.

Charles W. Woodward, IV, argued the cause and filed the brief for petitioner.

Alan M. Sorem argued the cause for respondents. Also on the brief were Saalfeld Griggs PC and Kevan McCulloch.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Petitioner Saige Timber, LLC seeks review of a final opinion and order of the Land Use Board of Appeals (LUBA), raising two assignments of error. In its first assignment, petitioner contends that LUBA erred when it concluded that any procedural error by respondent Linn County did not prejudice petitioner's substantial rights and, therefore, provided no basis for LUBA to remand the case to the county under ORS 197.835(9)(a)(B).[1] In its second assignment, petitioner contends that LUBA erred when it failed to resolve whether a particular section of the Linn County Code required that the Board of Commissioners provide petitioner with a second *de novo* hearing. We reject petitioner's first assignment of error, concluding that LUBA did not err in concluding that petitioner had not identified how any procedural error, if any occurred, prejudiced petitioner's substantial rights. We also reject petitioner's second assignment of error, because LUBA did not need to reach that issue based on its resolution of the first argument. As a result, we affirm.

The facts are procedural and, although the parties dispute how they are framed in the briefs, the parties do not contest the facts themselves. We present only those essential facts necessary to provide context for our opinion. Intervenor-respondent Casey Meadows applied for two property line adjustments affecting three units of land that were zoned "Farm/Forest." The Linn County planning director approved the property line adjustments. Petitioner then sought review of that decision through a public hearing before the county planning commission. The planning commission's hearing was *de novo* with a full opportunity for petitioner to present evidence, testimony, and argument contesting the planning director's decision. After that hearing, the planning commission issued a written letter opinion that affirmed the planning director's decision and approved the property line adjustments.

---

[1] ORS 197.835(9)(a)(B) requires LUBA to reverse or remand the land use decision under review if LUBA finds that the local government "[f]ailed to follow the procedures applicable to the matter before it in a manner that prejudiced the substantial rights of the petitioner[.]"

Petitioner then appealed that decision to the county board of commissioners (the county board). Under Linn County Code (LCC) 921.220(C), the county board may affirm a planning commission decision without further hearings when a time limit for the county to act is "about to expire."[2] Applying that code provision and noting that a statutory deadline for the county to act had expired, the county board affirmed the planning commission's decision approving the property line adjustments without any further hearing.[3]

Petitioner then sought review before LUBA. It argued, among other things, that the initial statutory time limit of 150 days for the county to act on Meadows' application for a property line adjustment had *already* expired, and was not "about to expire," before the county board's final decision. Petitioner essentially maintained that once that period ran, the board could not affirm the planning commission without a further hearing nor could it grant any extensions to do so. Therefore, petitioner contended that LUBA should remand the appeal to the county board to give petitioner a second *de novo* hearing under LCC 921.220(C).

In response, respondent Linn County and intervenor-respondent Meadows jointly contended that (1) petitioner failed to establish that any "procedural error" requiring reversal under ORS 197.835(9)(a)(B) occurred because petitioner never had a right to a second *de novo* hearing under the county code in the first instance; (2) even assuming that there was a procedural error, petitioner had not demonstrated that any error had "prejudiced the substantial rights of the petitioner," as required by ORS 197.835(9)(a)(B), because petitioner received a full and fair *de novo* hearing before the

---

[2] LCC 921.220(C) provides, in relevant part, that notwithstanding any other code provision to the contrary, "if the [planning] Commission has made a decision and a time limit is about to expire, the Board may enter an order affirming the findings and conclusion of the [planning] Commission without conducting any further hearings."

[3] ORS 215.427(1) provides that the governing body of a county or its designee shall take final action on certain applications within 150 days after the application is complete. ORS 215.427(5) provides that the county may approve an applicant's written request for extensions of up to an additional 215 days, bringing the maximum potential time to 365 days. ORS 215.427 was amended as of January 1, 2024. Or Laws 2023, ch 223, § 3. Those amendments have no effect on the arguments in this case.

planning commission; and, regardless, (3) the county board was permitted to expedite the hearing process even after the initial 150-day period had run because the county had acted within the overall time given by state law when accounting for permissible extensions (up to a total of 365 days) and had not waived its right to act within that extended time period.[4]

LUBA ended up resolving petitioner's appeal based on respondent's second argument above—petitioner's failure to demonstrate prejudice. Under ORS 197.835(9)(a)(B), LUBA shall reverse a procedural error if that error "prejudiced the substantial rights of the petitioner." LUBA concluded that petitioner did not demonstrate that any claimed procedural error prejudiced petitioner's substantial rights because petitioner had a full *de novo* hearing before the county planning commission. In reaching its conclusion, LUBA rejected petitioner's limited argument on appeal,

> "Petitioner argues that there is a distinction between the board and the planning commission but does not explain how any difference between those county decision making bodies results in procedural prejudice to its substantial right to prepare and submit its case and to a full and fair hearing. Petitioner does not identify any argument or evidence that it would have submitted to the board that it was not permitted to submit to the planning commission, other than arguments about how the planning commission erred."

LUBA did not end up resolving whether petitioner had a right to a second *de novo* hearing under LCC 921.220(C), because it did not need to reach that issue. As a result, LUBA affirmed the county board's decision.

On review to us, petitioner asserts two arguments that LUBA erred in its decision. We review LUBA's order to determine if it is unlawful in substance or procedure. ORS 197.850(9)(a). As noted, petitioner first assigns error to LUBA's conclusion that any error by the county board—if any occurred—did not prejudice petitioner's substantial rights under ORS 197.835(9)(a)(B). We understand petitioner to contend that LUBA's order was unlawful in substance because petitioner had established under ORS 197.835

---

[4] *See* ORS 215.427(1), (2) (stating time limits).

(9)(a)(B) that its substantial rights were prejudiced by the county board's failure to provide it with a second *de novo* hearing following the planning commission's *de novo* hearing.[5]

We reject that argument. Before LUBA, petitioner simply maintained that its rights were prejudiced by the county's failure to provide a second *de novo* hearing because petitioner could not bring its "concerns and arguments against the [planning commission's] [d]ecision" to the board. Petitioner failed to explain how the lack of a hearing caused prejudice. It did not even describe, much less offer proof regarding, the additional evidence that it would have provided to the board had a second *de novo* hearing been provided. Nor did it explain what additional arguments or "concerns" it would have raised. On the record before LUBA at least, petitioner did not demonstrate that any procedural error in not providing a second hearing, if any error occurred, caused petitioner prejudice.

Petitioner contends on review to us that the prejudice was the failure to provide a second hearing so that the board could review the planning commission's ruling. In other words, petitioner argues that the procedural error alone, without the need to demonstrate anything else, is prejudice to its substantial rights. It may be possible that the lack of a second *de novo* hearing, assuming that petitioner was entitled to one, could have caused prejudice to petitioner's substantial rights. But without presentation to LUBA of what evidence or arguments would have been presented at that second hearing to demonstrate that petitioner's substantial rights had been prejudiced, we cannot conclude that LUBA erred in concluding that petitioner failed to demonstrate that a procedural error caused any prejudice to petitioner's substantial rights.

We need not decide here how a petitioner might demonstrate to LUBA that additional evidence or argument at a second *de novo* hearing before the county board would establish that the petitioner's substantial rights were violated. We note, however, that OAR 661-010-0045(1) specifically provides that LUBA may consider evidence not in the

---

[5] Petitioner does not contend that any of its due process rights under the United States Constitution were violated.

record in "actions for the purpose of avoiding the requirements of ORS 215.427," the statutory time limit for counties to act in these circumstances. Regardless, petitioner never provided even a general legal argument to LUBA regarding the type of new evidence or arguments that it would have offered in a second hearing. Rather, as noted, it contended that the procedural error *itself* demonstrated prejudice and it need not demonstrate anything further.

In sum, we reject petitioner's first assignment of error. LUBA was not required to reverse or remand under ORS 197.835(9)(a)(B) and, therefore, did not err.

We also reject petitioner's second assignment of error, in which it contends that LUBA erred in not addressing the merits of its argument that LCC 921.220(C) required the board to provide a *de novo* hearing after the planning commission's *de novo* hearing. LUBA did not need to address that issue after it concluded that petitioner did not demonstrate that any assumed error in failing to provide a second hearing violated petitioner's substantial rights.

Affirmed.